IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CORINTHIAN BRICKER,**

    **Plaintiff,**

    v.

**STATE OF KANSAS, ET AL.,**

    **Defendants.**

Case No. 16-CV-2283-DDC-GLR

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Stay Discovery (ECF 8) by Defendants State of Kansas and Patrick Carney, former Johnson County, Kansas District Attorney. Defendants request that the Court stay all discovery in this case, including the obligation to provide initial disclosures and prepare the Report of the Parties' Planning Meeting, until the resolution of their Motion to Dismiss, which is pending before the District Judge.[1] Defendants raise immunity defenses in their Motion to Dismiss, which, if successful, would be fully dispositive as to Defendants Carney and the State of Kansas. Plaintiff has not responded to Defendants' motion and the time to do so has expired.[2] The Court may thus grant Defendants' motion as unopposed. The motion may also be granted on the merits for the reasons explained below.

Generally, the policy in this district is not to stay discovery even though dispositive motions are pending.[3] However, a court may appropriately stay discovery until a pending

---

[1] ECF 6, 11.

[2] *See* D. Kan. R. 6.1(d)(1) (requiring response to a non-dispositive motion to be filed within 14 days). The present motion was filed on July 1, 2016, so Plaintiff's response was due by July 15, 2016.

[3] *Wolf v. Unites States*, 157 F.R.D. 494, 495 (D.Kan. 1994).

motion is decided "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[4]

Another basis for staying discovery is a defendant's assertion of an immunity defense in a dispositive motion.[5]  Generally, a defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[6]  The Tenth Circuit has emphasized that "qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation."[7]  Accordingly, "[d]iscovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred."[8]

Because Defendants Carney and the State of Kansas assert immunity defenses in their pending dispositive motion, the Court finds that a stay of discovery is proper in this case.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Stay Discovery (ECF 8) is granted.  The Clerk's Office is directed to mail a copy of this Memorandum and Order to Plaintiff, who is proceeding *pro se.*

---

[4] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

[5] *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

[6] *Id.*

[7] *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citing *Siegert*, 500 U.S. at 277).

[8] *Id.*

Dated: July 19, 2016.

*s/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge