## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CORINTHIAN BRICKER,

     Plaintiff,

v.

                                      Case No. 16-cv-02283-DDC-GLR

STATE OF KANSAS, et al.,

     Defendants.

### MEMORANDUM AND ORDER

This matter comes before the court on the United States's Motion to Dismiss (Doc. 30). Plaintiff's[1] First Amended Complaint does not name the United States as a party, but he served a copy of that Complaint and a summons on the United States Attorney's Office. Doc. 31 at 2. So, the United States filed a motion to dismiss plaintiff's claims against it in an effort to ward off any future confusion. *Id.*

In its Motion to Dismiss, the United States asks the court to dismiss plaintiff's First Amended Complaint for failing to comply with Federal Rule of Civil Procedure 10(a). Rule 10(a) requires a plaintiff to name all parties to the case in the "title" of his or her complaint. If a plaintiff fails to comply with Rule 10(a), the court may dismiss his complaint. *OTR Drivers at Topeka Frito-Lay, Inc.'s Distribution Ctr. v. Frito-Lay, Inc.*, 988 F.2d 1059, 1060 (10th Cir. 1993); *Butchard v. Cty. of Doña Ana*, 287 F.R.D. 666, 669 (D.N.M. 2012). But, the court may look to the body of a pro se plaintiff's complaint "to determine who the intended and proper

---

[1] Because plaintiff proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for plaintiff. *Id.* Nor does plaintiff's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

defendants are." *Trackwell v. United States*, 472 F.3d 1242, 1243–44 (10th Cir. 2007) (citations omitted).

Here, nothing in the body of plaintiff's First Amended Complaint suggests that he intended to name the United States as a defendant.  Indeed, the Complaint suggests that plaintiff only served the United States Attorney's Office in a mistaken attempt to serve the State of Kansas, which is a named defendant in the Complaint.  *See* Doc. 4 at 2 (stating that the State of Kansas "can be served Summons at . . . United States Attorney").  And, plaintiff did not respond to the United States's Motion to Dismiss, thus foregoing his opportunity to explain any intention to name the United States as a party.  *See* D. Kan. Rule 7.4(b) ("[A] party . . . who fails to file a responsive brief or memorandum within the time specified . . . waives the right to later file such brief or memorandum . . . [and] the court will consider and decide the motion as an uncontested motion.  Ordinarily, the court will grant the motion without further notice.").  Because the caption of plaintiff's First Amended Complaint does not name the United States as a party and it never makes any allegations against the United States, the court concludes that the United States is not a party to this case.  *See Reid v. Okla. Pardon & Parole Bd.*, 67 F. App'x 515, 517 (10th Cir. 2003) (affirming district court order finding that no action was pending against defendants not named in the complaint); *Gerlt v. United States*, No. 12-3195-SAC, 2014 WL 554689, at *3 (D. Kan. Feb. 12, 2014) ("[T]his action does not proceed against individuals who are not named as defendants in the caption."); *Bailey v. Ash*, No. 13-3191-SAC, 2013 WL 6669098, at *2 (D. Kan. Dec. 18, 2013) ("Anyone not named in the caption will not be treated as a defendant.").

**IT IS THEREFORE ORDERED THAT** movant United States's Motion to Dismiss (Doc. 30) is granted.

**IT IS SO ORDERED.**

2

Dated this 24th day of January, 2017, at Topeka, Kansas.

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge