**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CORINTHIAN BRICKER,**<br><br>　　Plaintiff,<br><br>v.<br><br>**STATE OF KANSAS, et al.**,<br><br>　　Defendants. | Case No. 16-cv-02283-DDC-GLR |

### MEMORANDUM AND ORDER

This matter comes before the court on four motions:

1. Defendants State of Kansas and Patrick Carney's joint Motion to Dismiss Complaint (Doc. 6);

2. Defendants State of Kansas and Patrick Carney's joint Motion to Dismiss Amended Complaint (Doc. 11);

3. Defendants American Family Insurance Company of Wisconsin and Butler & Associates, P.A.'s joint Motion to Dismiss (Doc. 9); and

4. Defendant Jessica Travis's Motion to Dismiss (Doc. 41).

Defendants State of Kansas and Mr. Carney filed their first Motion to Dismiss Complaint (Doc. 6) in response to plaintiff's original complaint. When plaintiff filed his First Amended Complaint, that rendered this motion moot. The court thus denies defendants State of Kansas and Mr. Carney's joint Motion to Dismiss Complaint (Doc. 6) as moot. And, for reasons explained below, the court grants all other motions to dismiss.

**I.    Background**

Because defendants bring their motions to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), the court takes the following facts from plaintiff's First Amended

1

Complaint.  *See S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014); *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

Plaintiff Corinthian Bricker brings this action, pro se,[1] against six defendants:  the State of Kansas, Mark Furney, Patrick Carney, Jessica Travis, American Family Insurance Company of Wisconsin ("American Family"), and Butler & Associates, P.A. (collectively "defendants"). Plaintiff's First Amended Complaint ("Complaint") recites the following statutes and constitutional provisions:  42 U.S.C. §§ 1983, 1985–86; 28 U.S.C. § 1343; 28 U.S.C. § 1331; "K.S.A. CHAPTER 60"; Kan. Stat. Ann. §§ 22-4503, -4518,  -4522; Kan. Stat. Ann. §§ 60-234, -226; the Indigent Defense Services' Act; the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution; the First, Ninth, Tenth, and Eighteenth Articles of the Kansas Bill of Rights; and various Kansas Rules of Professional Conduct.  Doc. 4 at 2.  But citing these provisions does not hide that plaintiff's Complaint alleges only the following state-law claims:  negligence and fraud against Mr. Furney; breach of contract against Mr. Carney; negligence against Ms. Travis; harassment against American Family and Butler & Associates; and negligence and respondeat superior against the State of Kansas.  These claims all arise from defendants' connections to plaintiff's March 2006 DUI conviction in Johnson County, Kansas, and a related subrogation action brought by American Family in Kansas state court.  Doc. 4 at 62; Doc. 4-1 at 43.

All defendants but Mr. Furney have filed motions to dismiss plaintiff's Complaint— either individually or in groups.  And it appears that Mr. Furney's absence may result from plaintiff's failure to serve him.  Nothing in the record establishes that Mr. Furney has been

---

[1] Because plaintiff proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court does not assume the role of advocate for plaintiff.  *Id.*  Nor does plaintiff's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance.  *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

served. *See* Doc. 26 (summons and complaint for Mr. Furney returned as "Refused"). So, Mr. Furney is not a party currently. *See Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *see also* Doc. 46 (Show Cause Order giving plaintiff additional time to serve Mr. Furney).

## II.     Analysis

Although defendants file separate motions to dismiss, they all contend that the court lacks subject matter jurisdiction to hear plaintiff's Complaint and thus ask the court to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1). Because all of the motions share this argument, the court addresses defendants' various motions to dismiss as if they were one, using the legal standard outlined in the following section.

### A.     Rule 12(b)(1) Motion to Dismiss Standard

The court must dismiss any case that it lacks subject matter jurisdiction to hear. Fed. R. Civ. P. 12(h)(3). It must do so because "[a] court lacking jurisdiction cannot render judgment." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citing *Bradbury v. Dennis*, 310 F.2d 73, 74 (10th Cir. 1962)). The party who invokes the court's jurisdiction bears the burden to establish that it exists. *Id.* Here, that party is plaintiff.

Because defendants attack the Complaint's allegations of subject matter jurisdiction, the court "must accept the allegations in the complaint as true." *Holt*, 46 F.3d at 1002 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). But, conclusory allegations about jurisdiction are not sufficient. *Penteco Corp. Ltd. P'ship–1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *Matthews v. YMCA*, No. 04-4033-SAC, 2005 WL 2663218, at *2 (D. Kan. Oct. 19, 2005).

3

### B. The State of Kansas: Eleventh Amendment Immunity

The State of Kansas ("the State") asserts that the Eleventh Amendment bars plaintiff's claims against it because it is immune from suit in federal court.

The Eleventh Amendment grants immunity that "accord[s] states the respect owed them as joint sovereigns," and "applies to any action brought against a state in federal court, including suits initiated by a state's own citizens." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). Eleventh Amendment immunity protects states and entities who are arms of the state. *Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009). As with many legal principles, some exceptions to this immunity exist. For instance, federal suits against state-government officials can proceed when the plaintiff only seeks prospective relief for an ongoing violation of rights, *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002), and the relief sought is not premised on state law, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). Here, plaintiff sues the State of Kansas itself. The State thus is immune from suit unless some exception to its immunity applies. None does.

No exception applies because plaintiff has sued the State of Kansas, and not an official of the State of Kansas. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (D. Kan. 1998) ("[T]he Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief . . . ."); *Smith v. Kansas*, 574 F. Supp. 2d 1217, 1219 (D. Kan. 2008) (holding that the *Ex Parte Young* doctrine allows some suits against state officials, but "does not permit suits against the State itself" (citing *Hill v. Kemp*, 478 F.3d 1236, 1255–56 (10th Cir. 2007))). The Eleventh Amendment thus bars plaintiff's claims against the State of Kansas, so the court dismisses plaintiff's claims against the State.

### C. Remaining Defendants: Diversity and Federal Question Jurisdiction

The other defendants—Mr. Carney, Ms. Travis, American Family, and Butler & Associates—contend that plaintiff has failed to plead facts sufficient to establish subject matter jurisdiction. To invoke the court's subject matter jurisdiction, plaintiff's Complaint must allege facts that could support either diversity or federal question jurisdiction.

#### 1. Diversity Jurisdiction

Diversity jurisdiction requires two things: the requisite amount-in-controversy and complete diversity. 28 U.S.C. § 1332; *Newman-Green Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 & n.1 (1989). The Complaint explicitly satisfies the first requirement, claiming more than $75,000 in damages. Doc. 4 at 64. But the second element—complete diversity of citizenship—is missing.

For complete diversity of citizenship to exist, plaintiff cannot be "a citizen of the same State as any defendant." *Owens Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) (citing *Snyder v. Harris*, 394 U.S. 332, 338–39 (1969)). Plaintiff alleges that he is a citizen of Kansas. So, to satisfy the complete diversity requirement, no defendant can be a Kansas citizen. Ms. Travis is now a citizen of Florida, but the opening page of the exhibit[2] plaintiff attached to his Complaint alleges that Mr. Carney is a Kansas citizen. Doc. 4-1 at 1. Complete diversity thus does not exist in this case, and so neither does diversity jurisdiction.[3] Because diversity jurisdiction does not exist, the court lacks subject matter jurisdiction over plaintiff's Complaint unless he has alleged facts sufficient to support federal question jurisdiction.

---

[2] The court may consider the exhibits attached to plaintiff's First Amended Complaint as part of the Complaint. *See Harms v. I.R.S.*, 146 F. Supp. 2d 1128, 1130 (D. Kan. 2001) (explaining that, in a Rule 12(b)(1) motion, "a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion" (quoting *Holt*, 46 F.3d at 1003)), *aff'd*, 321 F.3d 1001 (10th Cir. 2003).

[3] Indeed, plaintiff's Complaint and attached exhibits strongly suggest that Butler & Associates is also a Kansas citizen, as is confirmed in defendants American Family and Butler & Associates's joint Reply. Doc. 4 at 2; Doc. 4-1 at 1; Doc. 35 at 2.

### 2. Federal Question Jurisdiction

Even the most generous interpretation of plaintiff's Complaint fails to establish federal question jurisdiction. "[F]ederal question jurisdiction must appear on the face of a plaintiff's well-pleaded complaint." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Id.* (citing *Kirkland Masonry, Inc. v. C.I.R.*, 614 F.2d 532, 533 (5th Cir. 1980)). Indeed, there is "no question that a mere allegation . . . that the cause arises under the Constitution or laws of the United States without specific facts is not enough under any standard to pass the jurisdictional hurdle." *Mitchell v. Parham*, 357 F.2d 723, 725 (10th Cir. 1966) (citations omitted).

Although the Complaint refers to several federal statutes and constitutional provisions, plaintiff bases none of his claims on those provisions. Instead, he alleges state-law causes of action against defendants for negligence, fraud, harassment, breach of contract, and other things. And, the length of plaintiff's Complaint notwithstanding—it spans 64 pages and includes 86 pages of exhibits—the court can discern no allegations to support a cause of action under any of the various federal laws that plaintiff cites. Nonetheless, the court considers plaintiff's arguments to the contrary below.

#### a. Mr. Carney

In his Response to the State and Mr. Carney's joint Motion to Dismiss Amended Complaint, plaintiff contends that his Complaint alleges federal claims because he mentions the federal constitution and "has very clearly shown and proven the two elements to prevail on a claim under 42 USC 1983." Doc. 14 at 21. The court disagrees.

Some background about how plaintiff organizes his Complaint will provide helpful context. On pages one and two of the Complaint, plaintiff references federal statutes and constitutional amendments. Pages 3 through 56—titled "Statements of Fact/General Allegations"—contain detailed allegations about the timeline of events in his state-court criminal case and American Family's state-court subrogation action, as well as what appears to be large excerpts from court transcripts and/or quotations from plaintiff's recollection. Then, starting on page 56 and ending on page 64, plaintiff recites his causes of action against defendants, dividing them into counts one through seven.

In count three, plaintiff alleges his only cause of action against Mr. Carney: for breach of contract. Although plaintiff titles his claim as one for "breach of contract," one could also view it as a negligence claim. Doc. 4 at 59. But nothing in count three invokes or relies on a federal statute or constitutional amendment. Instead, plaintiff's allegations concern "[Mr.] Carney's negligence and failure to exercise due care and . . . breaching [the] contract with [p]laintiff." *Id.* at 60. Plaintiff does allege that Mr. Carney "knew, or . . . should have known, that his conduct constituted a violation of one or more of the United States Constitution['s] Amendments, Kansas Statutes and/or regulations, and/or the policies and/or procedures applicable to members of the Kansas Bar Association." *Id.* at 59. But the Complaint does not allege which constitutional right Mr. Carney purportedly violated, and his Response does not address this issue. The court can find no thread connecting plaintiff's lengthy factual allegations and any federal claim. Indeed, plaintiff's breach of contract and/or negligence claim against Mr. Carney rests purely on state law.

Simply reciting federal statutes and constitutional amendments at the outset of the Complaint is not sufficient to invoke the court's federal question jurisdiction. *See, e.g.*, *Ross v.*

7

*Enter. Bank & Tr.*, No. 11-2189-JAR, 2011 WL 2112468, at *3 (D. Kan. May 26, 2011) (dismissing a complaint because the plaintiff's "general references to the Securities Exchange Act [were] insufficient" to establish federal question jurisdiction when the complaint's allegations made "no reference to any claim or requirement under federal law"); *Landry v. Davis*, No. 08-3244-SAC, 2009 WL 274242, at *2 & n.2 (D. Kan. Jan. 26, 2009) (dismissing complaint because it did "not present facts establishing federal question jurisdiction" seeing as the plaintiff's claims were for state law violations "such as breach of contract or fraud" and "professional negligence"). Plaintiff thus has failed to allege facts supporting federal question jurisdiction over count three.

b. American Family and Butler & Associates

In his Response to American Family and Butler & Associates's joint Motion to Dismiss, plaintiff contends that he has alleged claims under the Eighth Amendment of the United States Constitution and so has alleged facts supporting federal question jurisdiction here. The court disagrees.

In count five, plaintiff alleges his only cause of action against American Family and Butler & Associates: something he calls "harassment."[4] Plaintiff does not reference the Eighth Amendment or any other federal provision in count five and the court cannot infer such a claim from anything in plaintiff's Complaint. Indeed, count five states that plaintiff seeks damages for American Family and Butler & Associates's "harassing actions which were constituted of negligence and failure to exercise due care." *Id.* at 62. The court thus understands plaintiff to base his claims against American Family and Butler & Associates on state-law negligence and/or harassment principles—and not federal law. *E.g.*, *Harris v. Tulsa 66ers*, 551 F. App'x 451, 452

---

[4] Plaintiff alleges no facts supporting count five. Instead, he "requests this Court's guidance on this issue." Doc. 4 at 62. The court cannot instruct plaintiff about his case. The court may not act as his advocate. *Hall*, 935 F.2d at 1110.

(10th Cir. 2014) (affirming dismissal of a complaint "which allege[d] harassment" because it could not "reasonably be construed to allege a claim arising under federal law").

Nonetheless, plaintiff contends that his Complaint alleged an Eighth Amendment violation by incorporating a complaint to the "Kansas Office of the Disciplinary Administrator" into count five. Doc. 33 at 6; Doc. 4 at 62. Even if he could incorporate a cause of action in the manner he asserts, the incorporated disciplinary complaint provides no basis for federal jurisdiction. American Family and Butler & Associates are private entities, not state actors, so they cannot violate the Eighth Amendment. *See Baze v. Rees*, 553 U.S. 35, 47 (2008) ("The Eighth Amendment to the Constitution . . . [is] applicable to the States through the Due Process Clause of the Fourteenth Amendment . . . ." (citation omitted)); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) ("Because the [Fourteenth] Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'"); *Alloway v. Wackenhut Corr. Facility*, 15 F. App'x 743, 744 (10th Cir. 2001) (requiring "a claim under the Eighth Amendment . . . [to] show . . . state action" (citation omitted)). Nothing in the disciplinary complaint or plaintiff's Complaint here gives rise to an exception to this general rule. And, though plaintiff asserts that American Family and Butler & Associates misused the state subrogation statute, such misuse, even if true, cannot convert American Family and Butler & Associates into state actors. *See Lugar*, 457 U.S. at 941 (explaining that "private misuse of a state statute [alone] does not describe conduct that can be attributed to the State"). Plaintiff thus fails to allege facts supporting federal question jurisdiction over count five.[5]

---

[5] The court also concludes that plaintiff's Eighth Amendment claim, raised for the first time in his Response, is "wholly insubstantial and frivolous," thus allowing the court to dismiss the claim under Rule 12(b)(1) instead of dismissing it on the merits under Rule 12(b)(6). *Shapiro v. McManus*, _U.S._, 136 S. Ct. 450, 455 (2015); *see also Baker v. Carr*, 369 U.S. 186, 199 (1962) ("The complaint alleges that the 1901 statute effects an apportionment that deprives the appellants of the equal protection of the laws in violation of the Fourteenth Amendment. Dismissal of the complaint upon the ground of lack of jurisdiction of the subject matter would, therefore, be justified only if that claim were 'so attenuated and unsubstantial as to be absolutely devoid of merit,' or 'frivolous.'" (citations

    c.  Ms. Travis

In his Response to Ms. Travis's Motion to Dismiss, plaintiff contends that he has alleged claims under the Sixth Amendment of the United States Constitution and so has alleged facts supporting federal question jurisdiction here.  Again, the court disagrees.

In count four, plaintiff alleges his only cause of action against Ms. Travis:  negligence.  Plaintiff does not reference the Sixth Amendment or any other federal provision in count four and the court cannot infer such a claim from anything in plaintiff's Complaint.  Indeed, count four states that plaintiff seeks damages for Ms. Travis's "negligence and failure to exercise due care," and speaks only in terms of what Ms. Travis "knew[] or . . . should have known."  Doc. 4 at 62.  The court thus understands plaintiff to base his claims against Ms. Travis on state-law negligence principles, and not federal law.

Nonetheless, plaintiff contends that he alleges a Sixth Amendment violation because the negligence claim he asserts in count four does "not differ significantly from allegations of ineffective assistance of counsel under the Sixth Amendment."  Doc. 43 at 23.  Even if this negligence claim is like an ineffective assistance of counsel claim, this similarity will not provide our court with jurisdiction.  The court is not required to accept plaintiff's allegations in his Response as true when considering Ms. Travis's Rule 12(b)(1) motion.  Ms. Travis brings her Motion to Dismiss based on the face of plaintiff's Complaint and so "the [c]ourt only evaluates the sufficiency of the pleadings . . . rather than the statements of the parties in their briefs." *Frederick v. S. Star Cent. Gas Pipeline, Inc.*, No. 10-1063-JAR, 2011 WL 1430005, at *3 (D. Kan. Apr. 14, 2011); *see also Holt*, 46 F.3d at 1002 (stating that when a defendant attacks the complaint's allegations of subject matter jurisdiction, the court "must accept the allegations in

---

omitted)); *Junior Chamber of Commerce of Rochester, Inc. v. U.S. Jaycees*, 495 F.2d 883, 886 (10th Cir. 1974) ("A proposition settled by the Supreme Court no longer presents a federal question for jurisdictional purposes." (citation omitted)).

the complaint as true" (citing *Ohio Nat'l*, 922 F.2d at 325)). And, as explained above, plaintiff's Complaint alleges only state-law claims against Ms. Travis. *E.g.*, *Landry*, 2009 WL 274242, at *2 & n.2 (dismissing complaint because it did "not present facts establishing federal question jurisdiction" seeing as the plaintiff's claims were for state law violations such as "professional negligence"). Plaintiff thus fails to allege facts supporting federal question jurisdiction over count four.

In sum, plaintiff fails to allege facts supporting either diversity or federal question jurisdiction. The court thus lacks the subject matter jurisdiction to hear plaintiff's claims and so dismisses his Complaint.

**IT IS THEREFORE ORDERED THAT** defendants State of Kansas and Patrick Carney's Motion to Dismiss Amended Complaint (Doc. 11) is granted, but their Motion to Dismiss (Doc. 6) is denied as moot.

**IT IS FURTHER ORDERED THAT** defendants American Family Insurance Company of Wisconsin and Butler & Associates, P.A.'s Motion to Dismiss (Doc. 9) is granted.

**IT IS FURTHER ORDERED THAT** defendant Jessica Travis's Motion to Dismiss (Doc. 41) is granted.

**IT IS SO ORDERED.**

**Dated this 13th day of February, 2017, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
