### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**CORINTHIAN BRICKER,**

    Plaintiff,

v.

**STATE OF KANSAS, et al.**,

    Defendants.

Case No. 16-cv-02283-DDC-GLR

### MEMORANDUM AND ORDER

Plaintiff filed his First Amended Complaint in this case on June 20, 2016. Doc. 4. That same day, the court issued summons to all defendants. The summons sent to Mark Furney was returned as "Refused" on July 25, 2016. Doc. 26. So, on January 30, 2017, the court ordered plaintiff to show cause in writing, on or before February 13, 2017, why his claims against Mr. Furney should not be dismissed for failing to comply with Federal Rule of Civil Procedure 4(m). Doc. 46. Plaintiff timely responded to the court's Order. Doc. 48.

The Tenth Circuit has established a two-step inquiry for evaluating a plaintiff's failure to effect service timely under Rule 4(m). *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *Oklahoma ex rel. Bd. of Regents v. Fellman*, 153 F. App'x 505, 506–07 (10th Cir. 2005). First, the court must determine whether a plaintiff has shown good cause for failing to obtain service—if so, then the plaintiff is entitled to an extension of time to perfect service. *Espinoza*, 52 F.3d at 841. Second, if the plaintiff fails to show good cause, the court still must decide whether a permissive extension of time is warranted or whether the court should dismiss the case without prejudice. *Id.*

To establish good cause, a plaintiff must make a showing greater than excusable neglect and "[s]imple inadvertence or ignorance of the rules does not suffice." *Arey v. Progressive Halcyon Ins. Corp.*, No. 05-2553-JWL, 2007 WL 1018798, at *2 (D. Kan. Apr. 3, 2007) (citing *In re Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996); further citations omitted); *accord Murphy v. City of Tulsa*, 556 F. App'x 664, 668 (10th Cir. 2014). Rather, "some showing of 'good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified' is normally required." *In re Kirkland*, 86 F.3d at 175 (quoting *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987)). And, as our Circuit has recognized, "[t]he plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule." *Id.* at 176. Plaintiff, as the party seeking an extension here, bears the burden of showing good cause for failing to obtain service. Fed. R. Civ. P. 4(m); *Riddle v. Wichita Pub. Sch., Unified, Sch. Dist. No. 259*, No. 04-1400-MLB, 2005 WL 1563444, at *4 (D. Kan. June 30, 2005).

Plaintiff contends that he has shown good cause for failing to serve Mr. Furney because plaintiff has "been unable to positively locate defendant Furney . . . despite reasonable diligence." Doc. 48 at 2. Plaintiff, however, relies primarily on his efforts to serve the other defendants in this case to establish good cause for Mr. Furney. For instance, plaintiff contends that the court should grant him an extension of time based "[u]pon numerous examples of [his] attentiveness and efforts of effecting service upon all other defendants," and his "promptness, diligence, and pursuance . . . regarding properly effecting service upon all other defendants." *Id.* at 5. But the court does not consider plaintiff's efforts to serve other defendants—it only considers plaintiff's efforts to serve Mr. Furney.

On that score, plaintiff contends that, "[b]etween both defendant Furney and defendant Travis, [p]laintiff received multiple consecutive returns of mail and therefore was technically spending money for naught." *Id.* at 4–5. But the docket in this case shows that plaintiff has attempted to serve Mr. Furney just once, mailing a copy of the summons and First Amended Complaint via certified mail on July 1, 2016. Doc. 26. Plaintiff mailed this package to Mr. Furney's former employer. *Id.* The package was returned as "Refused" on July 25, 2016. *Id.* Since then, plaintiff has not attempted to serve Mr. Furney. So, plaintiff is now more than five months late in complying with Rule 4(m), and it has been seven months since plaintiff has taken steps to serve Mr. Furney.

Plaintiff nonetheless contends that he has shown good cause for failing to serve Mr. Furney because he has searched through publically available information, diligently, for Mr. Furney's current address. Doc. 48 at 2. But plaintiff does not contend that his search has been fruitless. Instead, he asserts that his search has yielded too much fruit. Plaintiff contends that his search uncovered several possible addresses and places of employment for Mr. Furney, but that he has been "unable to attempt serving" Mr. Furney at the "plethora of addresses" he has found "[d]ue to [a] lack of financial resources joined with the difficulty [p]laintiff experienced [in] locating and effecting service upon defendant Travis." *Id.* at 4–5. The difficulty plaintiff mentions includes three attempts to serve Ms. Travis, culminating, finally, in successful service during September 2016. Doc. 37. Plaintiff avers that he found Ms. Travis by searching publically available information, including her LinkedIn page, and calling her previous employer. Doc. 48 at 3–4.

Although plaintiff's efforts to locate and then serve Ms. Travis evince a diligent and meticulous effort to comply with Rule 4(m), the court cannot say the same about plaintiff's

3

efforts to locate and serve Mr. Furney. The court notes, however, that it does not find any bad faith in plaintiff's failure to serve Mr. Furney—it just doesn't find the requisite good cause. Plaintiff has attempted to serve Mr. Furney only once and when that attempt failed, plaintiff apparently took no more action than to conduct an online search, which yielded results that plaintiff never used.

Indeed, the steps plaintiff took to locate Ms. Travis illuminates the shortcomings of his assertion that good cause exists here. For instance, plaintiff did not try to call Mr. Furney's previous employer—the Public Defender's Office located in Topeka, Kansas—to see if he could locate Mr. Furney in the same way he located Ms. Travis. *Cf. Putnam*, 833 F.2d at 905 (holding that plaintiff there had failed to show good cause for an extension when the process server did not leave a message at the defendant's home or attempt to call the defendant). And, without something more—like a defendant intentionally evading service—this court usually does not find a plaintiff's inability to locate a defendant sufficient to establish good cause under Rule 4(m). *See, e.g.*, *Wyandotte Nation v. City of Kan. City, Kan.*, 200 F. Supp. 2d 1279, 1300–01 (D. Kan. 2002) (holding that the plaintiff failed to establish good cause based on inability to locate unserved defendants); *Slater v. Cincinnati Ins. Co.*, 165 F.R.D. 100, 101–02 (D. Kan. 1996) (holding that the plaintiff's excuse for failure to serve—which was that, despite "its best efforts, and those of the process server," the plaintiff could not locate the defendant in time—was not sufficient to establish good cause, especially in light of the fact that three months passed without any effort by the plaintiff to locate the defendant); *Value Place Franchise Servs., LLC v. Hugh Black-St. Mary's Enters., Inc.*, No. 14-1152-DDC-KGS, 2015 WL 225790, at *3 (D. Kan. Jan. 16, 2015) (declining to consider whether inability to locate a defendant was sufficient to

4

establish good cause under Rule 4(m)). The court thus finds plaintiff's explanation insufficient to constitute good cause.

Given this outcome, the court next considers whether it should grant plaintiff a permissive extension of time to serve Mr. Furney. "In determining whether to grant a permissive extension, several factors are appropriate to consider, including whether defendant was on notice of the lawsuit, whether defendant has been prejudiced by delay of service, and whether the applicable statute of limitations would bar the refiling of the action." *Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F. Supp. 2d 1267, 1275 (D. Kan. 2011) (citations omitted). Here, no evidence exists that Mr. Furney is on notice of this lawsuit, and there is no reason to believe the delay of service has prejudiced Mr. Furney. The court is concerned, however, that the statute of limitations might bar plaintiff from refiling this action against Mr. Furney. Because the risk of prejudice to Mr. Furney as a result of granting plaintiff an extension is low, and the risk of forever barring plaintiff's claims as a result of denying an extension is high, the court exercises its discretion and grants plaintiff an additional 30 days to serve Mr. Furney. If plaintiff has not served Mr. Furney within 30 days from the date of this Order, the court will dismiss plaintiff's First Amended Complaint for failure to comply with Rule 4(m).

**IT IS THEREFORE ORDERED THAT** plaintiff is granted an extension of time to serve defendant Mark Furney. Plaintiff must serve Mr. Furney within 30 days from the date of this Order. If plaintiff fails to serve Mr. Furney within this time, the court will dismiss plaintiff's claims against Mr. Furney.

**IT IS SO ORDERED.**

**Dated this 16th day of March, 2017, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

5