IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CORINTHIAN BRICKER,

    Plaintiff,

v.

MARK FURNEY,

    Defendant.

Case No. 16-2283-DDC-GLR

## MEMORANDUM AND ORDER

On June 21, 2005, Corinthian Bricker was driving his truck while under the influence of drugs and alcohol. His blood alcohol content measured .22—nearly three times the legal limit of .08.[1] And, he also had cocaine, marijuana, and barbiturates in his system. While speeding between 58 and 62 mph in a 35-mph zone, he collided with another vehicle driven at an intersection in Lenexa, Kansas. The collision injured the other driver seriously. The State of Kansas charged Mr. Bricker with aggravated battery, driving under the influence, and failure to provide insurance. He pleaded guilty to all these charges, as part of a plea agreement. The Johnson County District Court sentenced him to 36 months imprisonment for aggravated battery, 180 days in jail for driving under the influence, and 180 days in jail for failing to provide insurance—the sentences to run concurrently. During those proceedings, Mark Furney represented Mr. Bricker as a public defender. Following the sentencing, Jessica Travis represented Mr. Bricker. Paul Carney was the prosecutor representing Johnson County, Kansas.

---

[1] Kan. Stat. Ann. § 8-1567 ("Driving under the influence is operating or attempting to operate any vehicle within [Kansas] while: . . . that alcohol concentration in the person's blood or breath, as measured within three hours of the time of operating or attempting to operate a vehicle, is .08 or more . . . .").

1

In addition to the criminal conviction and sentence, Mr. Bricker has a civil judgment against him from a subrogation claim arising from the collision. American Family Insurance Company of Wisconsin ("American Family") covered the other driver and it paid her the maximum of her uninsured motorist benefits as damages. Then, American Family retained Butler & Associates, P.A. ("Butler") to pursue a subrogation claim against Mr. Bricker, hoping to recover the damages American Family had paid to Ms. Cunningham. American Family secured summary judgment against Mr. Bricker on this claim.

On May 4, 2016, Mr. Bricker, proceeding pro se,[2] filed a Complaint alleging negligence and fraud against defendant Mark Furney; breach of contract against defendant Paul Carney; negligence against defendant Jessica Travis; harassment against defendants American Family and Butler; and negligence and *respondeat superior* against defendant State of Kansas. Doc. 1 at 67–73. On June 20, 2016, as a matter of right, plaintiff filed his First Amended Complaint (Doc. 4) before he served any of the defendants. Plaintiff's allegations remained generally the same. *See* Doc. 4 at 56–64. On February 13, 2017, this court granted several defendants' motions to dismiss, dismissing defendants State of Kansas, Patrick Carney, American Family, Butler, and Jessica Travis from the action. *See* Doc. 49 at 11. The court concluded that the Eleventh Amendment immunized the State of Kansas from this suit in federal court and that the court lacked subject matter jurisdiction over the claims against defendants Patrick Carney, American Family, Butler, and Jessica Travis. *Id.* at 4, 11. It thus dismissed all claims against those defendants. This ruling left Mark Furney as the only remaining defendant.

---

[2]  Because plaintiff proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for plaintiff. *Id.* Nor does plaintiff's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

In the interim, plaintiff has filed three motions: Motion for Leave to Amend (Doc. 54); "Motion to Correct Clerical Mistakes and or Error" (Doc. 55); and Motion for Leave to Amend (Doc. 67). Also, defendant Mark Furney has filed a Motion to Dismiss (Doc. 64). This order rules on all of these motions.

**I.   Plaintiff's Motions**

   **A.   Plaintiff's Motion for Leave to Amend (Doc. 54)**

      **1.   Legal Standard**

Plaintiff requests leave to file a Second Amended Complaint. Doc. 54 at 1. "A party may amend its pleading once as a matter of course within 21 days after serving it . . . ." Fed. R. Civ. P. 15(a)(1)(A). Plaintiff already has filed one Amended Complaint. *See* Doc. 4. So, he can no longer amend his Complaint as a matter of course. But, Rule 15 allows plaintiff to amend with defendants' consent or the court's leave. Fed. R. Civ. P. 15(a)(2) ("In other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."). In cases where plaintiff seeks to amend by leave of court, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted). As explained below, the court finds that allowing plaintiff to file the proposed Second Amended Complaint is both prejudicial and futile. So, the court denies plaintiff's Motion for Leave to Amend.

## 2. Prejudice

Defendants American Family and Butler contend that plaintiff's proposed amendment is prejudicial because it tries to change the theory of the case. Doc. 58 at 2. "[P]rejudice is a key factor in deciding a motion to amend. Prejudice under Rule 15 means undue difficulty in defending a lawsuit because of a change of tactics or theories on the part of the other party." *Jones v. Wildgen*, 349 F. Supp. 2d 1358, 1361 (D. Kan. 2004) (citations omitted); *see also LeaseAmerica Corp. v. Eckel,* 710 F.2d 1470, 1474 (10th Cir. 1983); *Sithon Maritime Co. v. Holiday Mansion,* 177 F.R.D. 504, 508 (D. Kan. 1998). "The party opposing the amendment has the burden of showing prejudice." *Sithon Maritime Co.,* 177 F.R.D. at 508.

Here, defendants American Family and Butler assert that plaintiff's proposed change in case theory stems from his request for a Writ of Audita Querela. Doc. 58 at 2. This is not the only theory change. Plaintiff's First Amended Complaint alleged claims for negligence, fraud, breach of contract, harassment, and *respondeat superior*. *See* Doc. 4 at 56–64. But, plaintiff's proposed Second Amended Complaint would assert claims for ineffective assistance of counsel against defendant Mark Furney and for a Writ of Audita Querela and a Writ of Habeas Corpus. *See* Doc. 54-1 at 1, 17. In short, none of the claims in the First Amended Complaint and the proposed Second Amended Complaint are the same. Plaintiff's amendment would drastically change the landscape of the case. This causes defendants undue difficulty in defending the case, making it prejudicial.

Also, it is prejudicial because Plaintiff's proposed amendment explicitly names the State of Kansas as defendant and implicitly includes American Family and Butler as defendants. Doc. 54 at 1, 8–9. The court already has dismissed these defendants from the action. To allow plaintiff an amendment that would rejoin previously dismissed defendants and completely

change the case is unduly prejudicial to the defendants. The court thus denies plaintiff leave to amend for this reason

### 3. Futility

The court also denies plaintiff leave to amend because the proposed amendment asserts claims that are futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . ." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001) (citations omitted). As already stated, the proposed Second Amended Complaint asserts three claims—ineffective assistance of counsel, Writ of Audita Querela, and a Writ of Habeas Corpus. Each of these claims, as proposed, is subject to dismissal, so the proposed Second Amended Complaint is futile.

#### a. Ineffective Assistance of Counsel

Plaintiff contends that he was denied effective assistance of counsel in violation of the Sixth Amendment. Doc. 54-1 at 17 ("Plaintiff asserts that Plaintiff was denied effective assistance of counsel due to Furney's failure to investigate the other driver's record and accident reconstruction analysis, due to not attacking the speed calculations which was the only evidence against Plaintiff, and due to Furney lying to Plaintiff about having 'no way to attack the opinion of excessive speed'. Plaintiff further asserts this to be a violation of the IV Amendment of the United States Constitution right to effective assistance and a violation of due process."). The court liberally construes plaintiff's proposed claim as one seeking relief under 42 U.S.C. § 1983.[3]

---

[3] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Section 1983 creates a species of tort liability designed to compensate a person for injuries caused by violation of his legal rights. *Heck v. Humphrey*, 512 U.S. 477, 483 (1994). In *Heck*, the Supreme Court analogized unlawful confinement—the claim plaintiff seeks leave to assert here—to the tort of malicious prosecution. In doing so, the Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486–87 (footnotes and citation omitted). Our Circuit has applied *Heck* to an ineffective assistance of counsel claim and barred that claim when no court had reversed, expunged, declared invalid, or called into question the plaintiff's conviction. *See Ramos v. Shepherd*, 415 F. App'x 48, 49 (10th Cir. 2011). In *Ramos v. Shepherd*, the plaintiff claimed the deputy public defender who represented him in an underlying criminal case had violated his rights to due process and equal protection and made other claims of ineffective assistance of counsel. 415 F. App'x at 48. The district court dismissed plaintiff's § 1983 claims as ones barred by *Heck*. *Id.* The Tenth Circuit affirmed, finding that the holding in *Heck* barred plaintiff's suit because no court had reversed, expunged, declared invalid, or called into question his conviction. *Id.* at 49.

---

> For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

Our court also held that *Heck* bars claims against a public defender for legal malpractice and negligence. *See Martinez v. Wurtz*, No. 08-3008-SAC, 2008 WL 1867986, at *1 (D. Kan. Apr. 24, 2008). In *Martinez v. Wurtz*, the plaintiff sued his public defender for legal malpractice and negligence. *Id.* In response to an earlier Order, the plaintiff argued that he was not claiming his defense counsel was ineffective. *Id.* at *2. Despite plaintiff's response, the court found that the plaintiff's claims presented constitutional challenges to the legal representation he had received in his criminal proceeding. Because plaintiff's criminal proceedings had not concluded in his favor, the claims were premature under *Heck*. *Id.*

Here, *Ramos* and *Martinez* inform the court's conclusion that *Heck* bars plaintiff's putative claim against Mr. Furney. Although not asserted explicitly under § 1983, as with plaintiff's claims in *Ramos*, plaintiff asks to assert a claim for ineffective assistance of counsel. But, *Martinez* demonstrates that a plaintiff does not need to assert a claim explicitly under § 1983 or specifically call a claim "ineffective assistance of counsel" for *Heck* to apply. Here, plaintiff clothes his ineffective assistance of counsel as a constitutional challenge. But, plaintiff alleges no facts showing that any court has reversed, expunged, declared invalid, or called into question his conviction or sentence. Any judgment in plaintiff's favor necessarily would imply that his underlying conviction or sentence is invalid. The court thus finds that *Heck* bars plaintiff's proposed ineffective of assistance claim.

To the extent that plaintiff intended to bring this claim as one for legal malpractice or negligence under state law, the court lacks subject matter jurisdiction to decide it. A more fulsome discussion of subject matter jurisdiction is included in part IV.A. below. But, *Martinez* also holds that claims of legal malpractice and negligence are not immune from *Heck* analysis. *Id.* at *2 ("[T]he court [is not] limited to considering plaintiff's claims only as characterized by

him.  Instead, under *Heck,* a court is required to analyze whether or not a decision on plaintiff's claims would impugn his criminal conviction or sentence.").  Therefore, *Heck* also would bar any legal malpractice or negligence claim even assuming the court could decide it.  The court thus determines that this claim is subject to dismissal, making the proposed amendment futile.

        **b.**        **Writ of Habeas Corpus**

The proposed Second Amended Complaint also seeks habeas relief under 28 U.S.C. §§ 2241 and 2254.  Doc. 54-1 at 42–51.  Rule 4 of the Rules Governing § 2254 requires the assigned judge to examine a § 2254 petition promptly.  R. 4 Governing § 2254 Cases.  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  *Id.*

Consistent with this mandate, the court begins by analyzing the form of the petition. Rule 2 requires that the petition for a Writ of Habeas Corpus "substantially follow" either the form included with the rules or the form required by the local district court rules.  R. 2 Governing § 2254 Cases.  Our court's Local Rules do not designate a form, but they do outline the information required for a § 2254 claim:

> (1) petitioner's full name and prison number (if any);
> (2) name of the respondent;
> (3) place of petitioner's detention;
> (4) name and location of the court that imposed sentence;
> (5) case number and the offense or offenses for which sentence was imposed;
> (6) the date on which sentence was imposed and the terms of the sentence;
> (7) whether a finding of guilty was made after a plea of guilty, not guilty, or *nolo contendere*;
> (8) in the case of a petitioner who has been found guilty following a plea of not guilty, whether that finding was made by a jury or a judge without a jury;
> (9) whether petitioner appealed from his or her conviction or the imposition of sentence, and if so, the name of each court to which he or she appealed, the results of such appeals, and the date of such results;

(10) whether petitioner was represented by an attorney at any time during the course of the proceedings under which sentence was imposed, and the name(s) and address(es) of such attorney(s) and the proceedings in which petitioner was represented; whether the attorney was one of petitioner's own choosing or appointed by the court;
(11) whether a plea of guilty was entered pursuant to a plea bargain, and if so, the terms and conditions of the agreement;
(12) whether petitioner testified at trial (if any);
(13) whether petitioner has any petition, application, motion, or appeal currently pending in any court, and if so, the name of the court and the nature of the proceeding;
(14) whether petitioner has filed in any court, state or federal, previous petitions, applications, or motions with respect to this conviction; if so, the name and location of each such court, the specific nature of each proceeding, the disposition thereof, the date of each disposition, and citations (if known) of any written opinions or orders; and
(15) in concise form, the grounds upon which petitioner bases his or her
allegations that he or she is held in custody unlawfully or his or her sentence is illegal, imposed in an illegal manner, or should be reduced; the facts that support each of the grounds; whether any such grounds have been previously presented to any court by petition, motion, or application; if so, which grounds have been previously presented and in what proceedings; and if any grounds have not been previously presented, which grounds have not been so presented and the reasons for not presenting them.

D. Kan. Rule 9.1. This required information is largely the same information required by the form promulgated with the rules. *See* Rules Governing § 2254 Cases, Forms.

The Rules Governing § 2254 Cases and our court's Local Rules work together. Rule 4 Governing § 2254 Cases requires the court to order the respondent to respond to the petition. R. 4 Governing § 2254 Cases. ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."). This rule thus makes the respondent's name an essential piece of the required information. Indeed, it is the second item required by our court's Local Rules. *See* D. Kan. Rule 9.1. But, here the plaintiff has not named a respondent. Plaintiff's proposed Second Amended Complaint also lacks other information required by D. Kan. Rule 9.1. Thus, plaintiff's proposed Second Amended Complaint does not substantially follow the form attached

9

to the Rules Governing § 2254 Cases nor does it contain all the required information under D. Kan. Rule 9.1. This is the first deficiency that renders plaintiff's proposed amendment futile, but the court does not rest its decision solely on these grounds.

The court also determines that the petition is time-barred and plaintiff is not entitled to relief. Plaintiff's proposed Second Amended Complaint appears to seek relief from his state court criminal conviction in *State v. Bricker*, Johnson County Case No. 05CR2856 and a judgment in a state civil case, *American Standard Insurance Co. of Wisconsin v. Bricker*, No. 07CV1690. *See* Doc. 54-1 at 8 ¶ 20, 41 ¶ 102.

Analyzing the criminal conviction first, plaintiff's petition for habeas relief is time-barred. "The [Antiterrorism and Effective Death Penalty Act (AEDPA)] requires a state prisoner to file for any federal habeas relief within one year after his conviction becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review.'" *Fogle v. Estep*, 220 F. App'x 814, 816 (10th Cir. 2007) (quoting 28 U.S.C. § 2244(d)(1)(A)). "The statute of limitations is tolled while petitioners pursue state post-conviction claims." *Id.* (citing § 2244(d)(2)).

After his sentencing, plaintiff filed a motion to withdraw his plea alleging Mr. Furney had provided ineffective assistance. *State v. Bricker*, 252 P.3d 118, 240 (Kan. 2011). The Johnson County District Court denied the motion, and the Kansas Court of Appeals affirmed. *Id.* On June 3, 2011, the Kansas Supreme Court affirmed plaintiff's conviction. *Id.* at 256. The statute of limitations was tolled while plaintiff was pursuing this motion and appeal. But, on June 3, 2011, plaintiff exhausted his state-court appeals. So, he had one year from that date to file a habeas petition under § 2254. He filed this motion to amend his Complaint on June 8, 2017—six years later. Plaintiff's § 2254 petition is time-barred, rendering his proposed amendment futile.

10

The court also concludes that plaintiff is not entitled to relief because he is not in custody. Section 2254(a) requires that a petitioner for a writ of habeas corpus be "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Thus, a petitioner must demonstrate that he is in custody and the requirement is jurisdictional." *Dickey v. Allbaugh*, 664 F. App'x 690, 692 (10th Cir. 2016); *see also Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009).

"Custody status is determined as of the time the habeas petition is filed." *Id.* (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "The writ is available in situations where a state-court criminal conviction has subjected the petitioner to 'severe restraints on [his or her] individual liberty.'" *Id.* (quoting *Hensley v. Mun. Ct.*, 411 U.S. 345, 351 (1973)). "The petitioner need not, however, demonstrate actual, physical custody to obtain relief." *Id.* (citing *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (per curiam)). But, "[n]ot every restriction involving federal rights warrants the remedy of a writ of habeas corpus." *Id.* "Thus, collateral consequences of conviction which have only a negligible effect on liberty or movement, do not satisfy the 'custody' requirement." It is well-settled in our Circuit that a restitution payment is not a severe restraint on liberty protected against by § 2254. *See e.g., Frye v. Medina,* 660 F. App'x 634, 636 (10th Cir. 2016). Here, plaintiff concedes he was not in custody when he filed suit. Doc. 54-1 at 43–44 ¶ 106. Instead, he seeks habeas relief based on the restitution obligation imposed by his sentence. *Id.* But, our Circuit's precedent precludes relief on that ground.

Plaintiff also is not entitled to relief from his state civil judgment under § 2254. Section 2254 applies to criminal convictions, not civil judgments. And, the Rooker-Feldman doctrine bars attempts to overturn state judgments. "The Rooker–Feldman doctrine establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate

11

authority to review a state-court decision." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074–75 (10th Cir. 2004). So, plaintiff cannot collaterally attack the state court civil judgment in federal court. From the proposed Second Amended Complaint, it plainly appears that plaintiff is not entitled to relief under § 2254. So, his proposed amendment is futile.

### c. Writ of Audita Querela

In the proposed Second Amended Complaint, plaintiff also seeks a Writ of Audita Querela under the All Writs Act, 28 U.S.C. § 1651 as an alternative to a Writ of Habeas Corpus. *See* Doc. 54-1 at 38–41. "[A] writ of *audita querela* is used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *United States v. Harris*, 391 F. App'x 740, 743 (10th Cir. 2010) (quoting *United States v. Torres,* 282 F.3d 1241, 1245 n.6 (10th Cir. 2002)). This writ has been abolished in civil cases, but our Circuit has acknowledged that a petitioner may be able to invoke it to "afford post-conviction relief to a criminal defendant to challenge a conviction or sentence to the extent it fills gaps in the current system of post-conviction relief." *Id.*; *see Torres*, 282 F.3d at 1245 n.6. Thus, the Writ of Audita Querela analysis requires the court, first, to identify a gap in post-conviction relief. *See United States v. Tinajero-Porras*, __F. App'x__, No. 17-6108, 2017 WL 4231069, at *1 (10th Cir. Sept. 25, 2017) ("'[A] writ of audita querela is not available to a petitioner when other remedies exist. . . .'" (quoting *Torres*, 282 F.3d at 1245)). Then, the court must determine if subsequent events have rendered the judgment infirm. *Dickey v. Allbaugh*, 664 F. App'x 690, 694 (10th Cir. 2016), *cert. denied*, 137 S. Ct. 2293 (2017). Our Circuit has found that "the petitioner must show something like an intervening change in law, rather than simply argue that the collateral consequences of the conviction have turned out to be unduly harsh." *Rawlins v. Kansas*, 714 F.3d 1189, 1193 (10th Cir. 2013).

Here, even if existing case law permitted a criminal defendant to seek a Writ of Audita Querela, and even if a gap in post-conviction relief existed, plaintiff has failed to allege that subsequent events—such as a change in law—have rendered his criminal conviction or sentence infirm. And, this writ simply is not available for plaintiff's civil case. The proposed Second Amended Complaint thus does not allege circumstances that could warrant a Writ of Audita Querela.

As proposed, the putative claims in the Second Amended Complaint fail to state a claim for relief and all of them are subject to dismissal. So, the court finds that the proposed amendment is futile and denies plaintiff leave to amend on this basis as well.

### B. Plaintiff's "Motion to Correct Clerical Mistakes and or Error" (Doc. 55)

Plaintiff's "Motion to Correct Clerical Mistakes and or Error" (Doc. 55) asks the court to make specified changes to the proposed Second Amended Complaint (Doc. 54-1) attached to plaintiff's Motion for Leave to Amend (Doc. 54). The court has reviewed the changes that this motion seeks to make to the proposed Second Amended Complaint (Doc. 54-1). None of the proposed changes cures the dispositive deficiencies of this putative pleading. Because the court has decided to deny plaintiff's Motion to Amend (Doc. 54), his "Motion to Correct Clerical Mistakes and or Error" is moot. The court thus denies it on that basis.

### C. Plaintiff's Motion for Leave to Amend (Doc. 67)

About two months after filing his first Motion for Leave to Amend, plaintiff again moved for leave to file an amended Complaint. Doc. 67 at 1. As explained above, Rule 15 governs and it required plaintiff to secure leave of court to file an amended Complaint. *See* Fed. R. Civ. P. 15(a)(2) ("In other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."). A

party wishing to seek such leave must follow our court's Local Rules. D. Kan. Rule 15.1 provides:

> (a) Requirements of Motion. A party filing a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right must:
>
> (1) set forth a concise statement of the amendment or leave sought;
> (2) attach the proposed pleading or other document; and
> (3) comply with the other requirements of D. Kan. Rules 7.1 through 7.6.

D. Kan. Rule 15.1. Plaintiff's motion does not comply with Rule 15.1. It provides no concise statement of the proposed amendment or leave sought. It also does not attach the proposed pleading. The court denies plaintiff's second motion for leave to amend his Complaint (Doc. 67) because it fails to comply with the local rule.

## II. Defendant Mark Furney's Motion to Dismiss (Doc. 64)

Plaintiff's First Amended Complaint (Doc. 4) asserts claims for negligence and fraud against Defendant Mark Furney. Mr. Furney moves to dismiss those claims for a variety of reasons: lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1); lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); insufficient service of process under Fed. R. Civ. P. 12(b)(5); and failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). The court lacks subject matter jurisdiction over plaintiff's claims against Mr. Furney, so its analysis ends there.

The court must dismiss any case it lacks subject matter jurisdiction to hear. Fed. R. Civ. P. 12(h)(3). It must do so because "[a] court lacking jurisdiction cannot render judgment." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citing *Bradbury v. Dennis*, 310 F.2d 73, 74 (10th Cir. 1962)). The party who invokes the court's jurisdiction bears the burden to establish that it exists. *Id.* Here, that party is plaintiff.

14

To invoke the court's subject matter jurisdiction, plaintiff's First Amended Complaint must allege facts that could support either diversity jurisdiction under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff alleges this court has federal question jurisdiction. Doc. 4 at 3 ¶ 8 ("Jurisdiction of the present action is proper in this Court pursuant to 28 U.S. Code § 1331, as Plaintiff raises "federal questions" based on federal law").

But federal question jurisdiction does not exist merely because the complaint asserts it. Instead, "federal question jurisdiction must appear on the face of a plaintiff's well-pleaded complaint." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Id.* (citing *Kirkland Masonry, Inc. v. C.I.R.*, 614 F.2d 532, 533 (5th Cir. 1980)). Indeed, there is "no question that a mere allegation . . . that the cause arises under the Constitution or laws of the United States without specific facts is not enough under any standard to pass the jurisdictional hurdle." *Mitchell v. Parham*, 357 F.2d 723, 725 (10th Cir. 1966) (citations omitted).

Plaintiff's First Amended Complaint here alleges negligence and fraud claims against Mr. Furney.[4] Doc. 4 at 56–59. Plaintiff thus only asserts state law claims against Mr. Furney. Plaintiff's negligence claim against Mr. Furney does not refer to any federally-inspired cause of action. Also, the court cannot infer a federal claim from anything alleged in plaintiff's First Amended Complaint. Plaintiff bases his negligence claim against Mr. Furney on state-law negligence principles, not federal law. Likewise, plaintiff's fraud claim never references any federal provision. In sum, none of plaintiff's allegations permits the court to infer that plaintiff

---

[4] Plaintiff's Response to defendant's Motion to Dismiss only references his proposed Second Amended Complaint. Doc. 66 at 6–9. But, that is not the operative pleading because the court has decided to deny plaintiff leave to amend his complaint a second time.

alleges anything but a negligence and a fraud claim based on state-law principles. Plaintiff thus fails to allege facts supporting federal question jurisdiction over Counts One and Two.

Because plaintiff fails to allege facts supporting federal question jurisdiction, the court lacks subject matter jurisdiction to hear plaintiff's claims against Mr. Furney. Consequently, the court grants defendant Mark Furney's Motion to Dismiss.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Corinthian Bricker's Motion for Leave to Amend (Doc. 54) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff Corinthian Bricker's "Motion to Correct Clerical Mistakes and or Error" (Doc. 55) is denied as moot.

**IT IS FURTHER ORDERED THAT** defendant Mark Furney's Motion to Dismiss (Doc. 64) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff Corinthian Bricker's Motion for Leave to Amend (Doc. 67) is denied.

**IT IS SO ORDERED.**

**Dated this 3rd day of October, 2017, at Topeka, Kansas**

                                      **s/ Daniel D. Crabtree**
                                      **Daniel D. Crabtree**
                                      **United States District Judge**